**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| LLURIDIA OCAMPO CAMBRAI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 26-cv-01589 (APM) |
| | ) | |
| MARKWAYNE MULLIN, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM OPINION AND ORDER**

**I.**

Before the court is Plaintiff Lluridia Ocampo Cambrai's Motion for Preliminary Injunction, ECF No. 5 [hereinafter Pl.'s Mot.]. Plaintiff effectively seeks to enjoin the immigration court from denying her application for cancellation of removal. *See id.* at 1. For the reasons that follow, the court denies Plaintiff's motion.

**II.**

Plaintiff is a Mexican national residing in the United States. Compl. for Declaratory & Injunctive Relief, ECF No. 1 [hereinafter Compl.], ¶ 11. After the Department of Homeland Security initiated removal proceedings against her, Plaintiff applied for cancellation of removal under the Immigration and Nationality Act (INA). *Id.* ¶ 15. As relevant here, the INA provides for cancellation of removal when the applicant's "removal would result in exceptional and extremely unusual hardship to the alien's . . . child, who is a citizen of the United States." 8 U.S.C. § 1229b(b)(1)(D). The statute defines a "child" as "an unmarried person under twenty-one years of age." *Id.* § 1101(b)(1).

Plaintiff's application cited the "exceptional and extremely unusual hardship" her removal would cause to her 20-year-old son, A.A.  Compl. ¶¶ 15, 19.  A.A. suffers from a severe form of cerebral palsy, schizencephaly, and scoliosis.  *Id.* ¶¶ 16–17.  As a result, he cannot walk and is nonverbal.  *Id.* ¶ 17.  He relies on Plaintiff for around-the-clock care, including G-tube feeding, bathing, diaper changes, and transportation to medical appointments.  *Id.* ¶¶ 17–19.

On March 20, 2026, Plaintiff appeared before an Immigration Judge.  Compl., Decl. of Allison T. Chan, ECF No. 1-4 [hereinafter Chan Decl.], ¶ 3.  The judge noted that the immigration courts had already met the statutory cap of granting 4,000 cancellation-of-removal applications nationwide this fiscal year.  *Id.* ¶ 5; *see* 8 U.S.C. § 1229b(e)(1).  So, in accordance with governing regulations, the judge "reserved" his decision on Plaintiff's application and placed her on a "waiting list" until such time that her application could be finally adjudicated.  Chan Decl. ¶ 5; Compl., Order of the Immigration Judge, ECF No. 1-2 [hereinafter Order]; *see also* 8 C.F.R. § 1240.21(c)(1).  That could delay final adjudication by several years.  Compl. ¶ 40.

Plaintiff believes she will become ineligible for cancellation of removal as a result of the Immigration Judge's deferral.  *See id.* ¶ 24.  A.A. turns 21—and thus ages out of the INA's definition of a qualifying "child"—on July 5, 2026.  *Id.* ¶ 4.  Under Bureau of Immigration Appeals (BIA) precedent, when an applicant "loses [her] qualifying relationship before [her] application is even adjudicated on its merits by the Immigration Judge," she is not eligible for cancellation of removal.  *Valentin Isidro-Zamorano*, 25 I&N Dec. 829, 831 (2012).  As of right now, the Immigration Judge has merely "reserved" his decision on Plaintiff's application.  Order; *see also* Chan Decl. ¶ 5 (noting the court "is unable to make a decision at this time").  So when Plaintiff's application reaches the front of the queue for final adjudication, Plaintiff arguably will no longer be eligible.

Plaintiff asks this court to intervene.  She alleges that the Immigration Judge "effectively granted" her application at the hearing, as he found that Plaintiff had demonstrated her removal would result in exceptional and extremely unusual hardship to A.A. but was forced to reserve any final disposition of the application because of the statutory cap.  Compl. ¶ 20.  Plaintiff moves for a preliminary injunction both "declaring that her son's status as a 'qualifying relative' . . . is tolled or frozen as of the merits adjudication date of March 20, 2026, and enjoining Defendants from denying Plaintiff's application for cancellation of removal on the basis of her son turning 21 on July 5, 2026."  Pl.'s Mot. at 1.

### III.

To secure a preliminary injunction, Plaintiff must show a substantial likelihood that the court has jurisdiction over her claim.  *See Food & Water Watch, Inc. v. Vilsack*, 808 F.3d 905, 912–13 (D.C. Cir. 2015).  Plaintiff has not done so.

The INA limits judicial review of removal orders.  It provides that "[j]udicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section."  8 U.S.C. § 1252(b)(9).  And such claims "can only be brought through the petition for review process in the federal courts of appeals."  *J.E.F.M. v. Lynch*, 837 F.3d 1026, 1029 (9th Cir. 2016) (citing 8 U.S.C. § 1252(a)(5), (b)(9)).  Therefore, "if a claim challenges 'any part of the process by which [the plaintiff's] removability will be determined,' district courts will generally lack jurisdiction over that claim."  *Gonzalez San Jose v. Mullin*, No. 26-cv-1590 (CJN), 2026 WL 1693522, at *3 (alteration in original) (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 294 (2018) (plurality opinion)).

3

Plaintiff's claim clearly "aris[es] from" her removal proceedings and involves "interpretation . . . of . . . statutory provisions."  With proceedings not yet concluded, she asks the court to "declar[e]" that, under § 1229b(b)(1)(D), A.A.'s age is "frozen" as of March 20, 2026, for purposes of her application.  Pl.'s Mot. at 1.  And, based on that construction, she seeks to enjoin Defendants from denying her application based on A.A.'s turning 21.  *Id.*  This claim addresses "a central question" in her removal proceedings and thus falls "squarely within the terms of Section 1252(b)(9)."  *Gonzalez San Jose*, 2026 WL 1693522, at *3 (holding as such for an identical claim). The court therefore lacks jurisdiction over her claim.  Plaintiff must instead pursue any relief in a Court of Appeals through a petition for review of a final order.  *Id.* at *4.

Plaintiff responds that "Section 1252(b)(9) does not bar claims where the statutory remedy would be permanently extinguished prior to a petition for review."  Pl.'s Reply in Supp. of Pl.'s Mot., ECF No. 15, at 3.  She argues that, absent this court's intervention, her eligibility will be "irrevocably extinguished" and "the Court of Appeals will be legally powerless to retroactively roll back the clock or regenerate an expired statutory relationship."  *Id.* at 3–4.  But the very case on which Plaintiff relies to support the merits of her claim belies this contention.  *See* Pl.'s Mot. at 3 (citing *Perez-Perez v. Bondi*, 160 F.4th 710 (6th Cir. 2025)).  In *Perez-Perez v. Bondi*, the Sixth Circuit "reverse[d] the BIA's order finding that [the petitioner's daughter] no longer qualified as a 'child' under the INA."  160 F.4th at 719.  Plaintiff provides no reason to believe an appellate court would not do the same here if it agreed with her reading of § 1229b(b)(1)(D).  At the hearing on the motion, Plaintiff noted that the Sixth Circuit's case was one in which the Immigration Judge initially granted the petitioner's application, rather than the denial she alleges is inevitable here. That is a distinction without a difference.  Plaintiff acknowledged that the Courts of Appeals review

4

questions of law like this one de novo, so the immigration court or BIA's disposition does not affect the nature of their review. *See id.* at 714.

Secondarily, Plaintiff argues that § 1252(b)(9) does not apply because her claim is "entirely collateral to the ultimate removal order." Pl.'s Reply at 4. The court disagrees. As previously noted, the time as of which to evaluate A.A.'s age is "a central question" in Plaintiff's removal proceedings. *Gonzalez San Jose*, 2026 WL 1693522, at *3. It therefore is "not 'wholly collateral' to the removal process; [it is] 'inextricably linked' to it." *Khalil v. President, United States*, 164 F.4th 259, 274 (3d Cir. 2026) (citation omitted). The court therefore lacks jurisdiction over Plaintiff's claim.

**IV.**

Because Plaintiff has not shown a substantial likelihood that the court has jurisdiction, the court denies Plaintiff's Motion for Preliminary Injunction, ECF No. 5.

Dated: June 29, 2026

Amit P. Mehta
United States District Judge

5